UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

CAITLIN WALSH, on behalf of herself and all others similarly situated,

    Plaintiffs,

v.

ISLAND WATCH, INC.,

    Defendant.

Case No. 3-25-cv-50483

Hon. Iain D. Johnston, USDJ

**DEFENDANT'S UNOPPOSED MOTION TO TRANSFER VENUE
AND
FOR EXTENSION OF TIME TO ANSWER OR OTHERWISE PLEAD**

Defendant Island Watch, Inc. ("Defendant"), by its attorneys, Harris Beach Murtha Cullina PLLC, respectfully moves this Court for an Order (i) transferring this action to the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1406(a), and (ii) extending Defendant's time to answer or otherwise plead pursuant to Rule 6(b) of the Federal Rules of Civil Procedure. Plaintiff does not oppose the relief requested herein. In support of this Motion, Defendant states as follows:

**PROCEDURAL BACKGROUND**

1. On November 23, 2025, Plaintiff filed her Complaint in this action. (Dkt. 1.)

2. On November 24, 2025, this Court issued its Summons addressed to the Defendant in this action. (Dkt. 4.)

3. On December 5, 2025, Plaintiff filed her return of service in this action, contending that Plaintiff served Defendant with the Summons and Complaint, by personal delivery, on December 4, 2025. (Dkt. 5.)

1

4. On December 4, 2025, Defendant's counsel reached out to Plaintiff's counsel, Yaakov Saks, and obtained the consent of Plaintiff's counsel for an extension of time to answer or other plead to and including January 31, 2026.

5. On January 7, 2026, Defendant filed said motion for an extension of time to answer or otherwise plead. (Dkt. 8).

6. On January 8, 2026, this Court granted Defendant's said motion and ordered, *inter alia*, that Defendant shall answer or otherwise respond to the Complaint by January 30, 2026.

7. By letter dated January 22, 2026, Defendant's counsel advised Plaintiff's counsel that venue in the Northern District of Illinois is improper under 28 U.S.C. § 1391 and that Defendant intended to seek dismissal or, in the alternative, transfer pursuant to 28 U.S.C. § 1406(a).

8. On January 28, 2026, Plaintiff's counsel advised that the transfer of this action to the Eastern District of New York is unopposed.

**TRANSFER OF VENUE IS WARRANTED UNDER 28 U.S.C. § 1406(a)**

9. For the reasons set forth below, venue in the Northern District of Illinois is improper, and transfer of this action to the United States District Court for the Eastern District of New York is therefore warranted pursuant to 28 U.S.C. § 1406(a).

10. Venue in a federal civil action is governed by 28 U.S.C. § 1391(b), which permits venue only in a judicial district where a defendant resides or where a substantial part of the events or omissions giving rise to the claim occurred.

11. Where an action is filed in an improper venue, the district court must dismiss the action or, if it be in the interest of justice, transfer it to a district in which it could have been brought. See 28 U.S.C. § 1406(a); *Stonite Products Co. v. Melvin Lloyd Co.*, 315 U.S. 561, 62 S. Ct. 780, 86 L. Ed. 1026 (1942).

2

12. Plaintiff asserts claims under Title III of the Americans with Disabilities Act based on allegations that Defendant's commercial website is not accessible to, and therefore discriminates against, individuals with visual impairments who use screen-reading software.

13. Defendant Island Watch, Inc. is a New York corporation, headquartered in Suffolk County, New York. The website operations, policies, and decision-making challenged in the Complaint are directed and controlled from New York.

14. Plaintiff does not allege that Defendant resides in the Northern District of Illinois, maintains offices in Illinois, employs Illinois-based personnel responsible for the conduct challenged in the Complaint, or undertook the operative decision-making giving rise to Plaintiff's claims in this District.

15. Nor did a substantial part of the alleged events or omissions giving rise to Plaintiff's claims occur in the Northern District of Illinois. Plaintiff's alleged access to a nationally available website from within Illinois, standing alone, is the sole asserted basis for venue in this District.

16. This action could have been brought in the United States District Court for the Eastern District of New York, where Defendant is headquartered and where the acts, omissions, and decision-making challenged in the Complaint occurred.

17. Courts in this District have rejected the proposition that a plaintiff's in-district access to a nationally available website, without more, constitutes a substantial part of the events or omissions giving rise to an ADA website-accessibility claim for venue purposes. See *Walsh v. A.F. Risavy, Inc.*, 23 C 50409, 2024 WL 6874014 (N.D. Ill. Apr. 8, 2024).

18. In *Walsh*, this Court concluded that venue in the Northern District of Illinois was improper where the defendant's operations and decision-making occurred outside the District, notwithstanding the plaintiff's access to the defendant's website from within Illinois. The court

3

further held that a plaintiff's passive, in-forum website access, standing alone, does not constitute a substantial part of the events or omissions giving rise to an ADA website-accessibility claim, and that the absence of forum-directed conduct precluded the exercise of personal jurisdiction. Having determined that venue was improper, the court transferred the action pursuant to 28 U.S.C. § 1406(a), concluding that transfer, rather than dismissal, was appropriate in the interest of justice. See *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 82 S. Ct. 913, 8 L. Ed. 2d 39 (1962).

19. The same considerations compel transfer here. Defendant is headquartered in New York, the website operations and decision-making challenged in the Complaint occurred outside Illinois, and Plaintiff's alleged access to a nationally available website from within Illinois is the sole asserted basis for venue in this District. As in Walsh, the absence of forum-directed conduct precludes venue in the Northern District of Illinois under 28 U.S.C. § 1391(b).

20. Accordingly, because venue is improper in this District and this action could have been brought in the United States District Court for the Eastern District of New York, transfer pursuant to 28 U.S.C. § 1406(a) is warranted.

## **REQUEST FOR EXTENSION OF TIME TO ANSWER OR OTHERWISE RESPOND**

21. Defendant's current deadline to answer or otherwise respond to the Complaint is January 30, 2026, pursuant to the Court's prior Order granting Defendant's initial unopposed request for an extension of time.

22. Defendant respectfully requests a brief extension of time, through February 20, 2026, to answer or otherwise respond to the Complaint.

23. This is Defendant's second request for an extension of time and is made in good faith, for purposes of judicial economy, and not to delay or prejudice Plaintiff. The requested extension will allow the Court to resolve Defendant's pending motion to transfer venue before

4

Defendant is required to answer or otherwise respond to the Complaint, and will also permit the parties to engage in discussions regarding potential resolution of this matter.

24. Plaintiff's counsel has advised that this request for an extension of time is unopposed.

## CONCLUSION

25. For all of the reasons described above, Defendant respectfully requests that the Court grant its instant motion and enter an Order: (i) transferring this action to the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1406(a); (ii) extending Defendant's time to answer or otherwise respond to the Complaint to and including February 20, 2026; and (iii) granting such other and further relief as this Honorable Court deems just and proper.

Dated: January 30, 2026

    Respectfully submitted,

    **HARRIS BEACH MURTHA CULLINA PLLC**

    By: s/ James R. Muldoon
        James R. Muldoon, Esq.
        333 West Washington Street, Suite 200
        Syracuse, New York 13202
        315.423.7100

**CERTIFICATE OF SERVICE**

  I, James Muldoon, hereby certify that I caused true and correct copies of the above motion to be served on all parties pursuant to ECF, in accordance with the rules of electronic filing of documents on this 30th day of January 2026. I further certify that a true and correct copy of the proposed order was served on Plaintiff's counsel via electronic mail on this 30th day of January, 2026.

                ___s/ James R. Muldoon_____
                James Muldoon